IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____

| | |
|---|---|
| WOODROW ROUSE,<br><br>                            **Plaintiff,**<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, AND JANET WILLIAMS,<br><br>                            **Defendants.** | **NOTICE OF REMOVAL** |

       **NOW COMES** the Defendants, State Farm Mutual Automobile Insurance Company and Janet Williams, (hereinafter "State Farm" and "Williams" respectively and "defendants" collectively), by and through their undersigned attorneys of record and pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, and hereby provides its Notice of Removal to this Court from the General Court of Justice, Superior Court of Forsyth County, North Carolina based on diversity of citizenship and amount in controversy. In support of such removal, defendants respectfully states the following:

       1.      On or about July 11, 2014, the plaintiff commenced a proceeding against the defendants by the filing of a complaint in the General Court of Justice, Superior Court Division, Forsyth County, North Carolina, styled *Woodrow Rouse v. State Farm Mutual Automobile Insurance Company, and Janet Williams*, which proceeding is currently pending. A copy of the entire contents of the Forsyth County file is attached hereto as Exhibit 1.

       2.      State Farm received a copy of the complaint setting forth the plaintiff's claims upon which this action is based when the North Carolina Commissioner of Insurance, its agent designated by law, was served with the summons and complaint on July 16, 2014. The North

Carolina Commissioner of Insurance issued an affidavit serving State Farm with the summons and complaint on July 17, 2014.

3. Defendant Williams received a copy of the complaint setting forth the plaintiff's claims upon which this action is based when she was served by certified mail with the summons and complaint on July 17, 2014.

4. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes. No other process, pleading or order has been served on defendants.

5. This civil action arises out of claims by the plaintiff against State Farm for breach of contract, unfair and deceptive trade practices, and bad faith refusal to settle an insurance claim. The complaint seeks compensatory damages, punitive damages, treble damages, attorney fees, and costs from State Farm.

6. This civil action also arises out of claims by the plaintiff against Defendant Williams for breach of contract, unfair and deceptive trade practices, and bad faith refusal to settle an insurance claim. The complaint seeks compensatory damages, punitive damages, treble damages, attorney fees, and costs from Williams.

7. Although the plaintiff sued Williams, a North Carolina resident and a non-diverse defendant, it should be disregarded pursuant to the fraudulent joinder doctrine. The fraudulent joinder doctrine allows a district court to assume jurisdiction over a case even if complete diversity is lacking in order to dismiss non-diverse defendants and thereby retain proper jurisdiction. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Ms. Williams was fraudulently joined because there is no basis to assert any of the causes of action against her in State Court. Ms. Williams is the State Farm claim representative who assisted in the handling of Plaintiff's insurance claim; thus, there is no possibility Plaintiff would be able to establish a

cause of action against her in State Court. The plaintiff, according to his complaint, is a citizen and resident of Forsyth County, North Carolina. State Farm is a foreign corporation organized and existing under the laws of the State of Illinois, and has its principal place of business in Bloomington, Illinois. Accordingly, after applying the fraudulent joinder doctrine to the claims against Williams, complete diversity exists between these parties in this case and 28 U.S.C. §1441(b) does not bar removal.

8. The United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the amount in controversy, exclusive of interest and costs, is, greater $75,000.00, and this action is therefore removable pursuant to 28 U.S.C. §1441(b).

9. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) and Rule 81 of the Federal Rules of Civil Procedure because it is filed within thirty (30) days after receipt by defendants of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based.

10. By filing this Notice of Removal, neither State Farm nor Williams waive any of their objections to personal jurisdiction or other affirmative defenses.

11. Pursuant to 28 U.S.C. §1446(d), State Farm and Williams will file a Notice of Filing this Notice of Removal, with a copy of this Notice of Removal, with the state court and thereby will notify the Clerk of the General Court of Justice, Superior Court Division, Forsyth County, North Carolina of the removal.

12. A copy of the Notice of Filing of Notice of Removal to be filed in the General Court of Justice, Superior Court Division, is attached hereto as Exhibit 2. State Farm and Williams served a copy of the Notice of Removal on the plaintiff in accordance with 28 U.S.C. §1446(d).

This the 15th day of August, 2014.

/s/**SCOTT LEWIS**
**NC State Bar No. 22167**
**PAMELA CARTER**
**NC State Bar No. 44558**
**Attorneys for Defendants**
**HEDRICK, GARDNER, KINCHELOE**
**& GAROFALO, LLP**
**1838 Sir Tyler Drive, Suite 200**
**Wilmington, NC 28405**
**PH:     (910) 509-9664**
**Email:  slewis@hedrickgardner.com**
              **pcarter@hedrickgardner.com**

# CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2014 I electronically filed the foregoing Notice of Removal with the Clerk of Court and I hereby certify that I have mailed the document to the following:

>Robert Holmes
>J. David Stradley
>White & Stradley, LLP
>3105 Charles B. Root Wynd
>Raleigh, NC  27612
>
>Michael J. Lewis
>D. Stuart Punger
>Mike Lewis Attorneys
>P.O. Box 24755
>Winston-Salem, NC  27114-4755

Respectfully submitted,

>/s/SCOTT LEWIS
>**NC State Bar No. 22167**
>**PAMELA CARTER**
>**NC State Bar No. 44558**
>**Attorneys for Defendants**
>**HEDRICK, GARDNER, KINCHELOE**
>**& GAROFALO, LLP**
>**1838 Sir Tyler Drive, Suite 200**
>**Wilmington, NC 28405**
>**PH:     (910) 509-9664**
>**Email:  slewis@hedrickgardner.com**
>**            pcarter@hedrickgardner.com**