IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WOODROW ROUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-cv-690 |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY and JANET WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

This case arises out of an automobile insurance dispute. Plaintiff Woodrow Rouse ("Mr. Rouse") brought a state court action against State Farm Mutual Automobile Insurance Co. ("State Farm") and insurance claims adjuster Janet Williams ("Ms. Williams"). Defendants removed the case to federal court on the basis of diversity jurisdiction. Four motions are now before the Court: (1) Defendant Janet Williams' Rule 12(b)(6) Motion to Dismiss (ECF No. 10), (2) Defendant State Farm's Rule 12(b)(6) Motion to Dismiss (ECF No. 12), (3) Defendants' [Joint] Rule 21 Motion to Dismiss Williams as a Nominal Party (ECF No. 14), and (4) Plaintiff's Motion to Remand and for Costs and Attorneys' Fees (ECF No. 17). For the reasons below, the Court grants Plaintiff's Motion to Remand but denies his request for attorneys' fees and costs, denies Defendants' [Joint] Rule 21 Motion to Dismiss Williams as a Nominal Party, and denies as moot both Ms. Williams' and State Farm's Rule 12(b)(6) Motions to Dismiss.

**I.     BACKGROUND**

Mr. Rouse, a citizen of North Carolina, was severely injured in a car accident caused by the driver of another vehicle. (Compl. ¶¶ 1, 10, 15, ECF No. 4.) Although the other driver was at fault, the full value of Mr. Rouse's damages exceeded that driver's insurance coverage. (Defs.' Rule 21 Mem. 2, ECF No. 15; Compl. ¶ 18, ECF No. 4.) Mr. Rouse therefore filed a claim with his own insurance company, State Farm, under his underinsured motorist ("UIM") coverage. (Compl. ¶¶ 6, 22, ECF No. 4.) State Farm assigned Ms. Williams to adjust the claim. (Defs.' Rule 21 Mem. 2, ECF No. 15.) Under Mr. Rouse's UIM coverage, State Farm was obligated to pay Mr. Rouse compensatory damages to which he was entitled from the other driver, subject to applicable credits and policy limits. (Id.) Mr. Rouse requested $69,000. (See Compl. ¶¶ 24–25, ECF No. 4.) State Farm responded with an offer of $2,000. (Id. ¶ 42.) Unable to reach an agreement over the amount due to Mr. Rouse under his policy with State Farm, Mr. Rouse requested arbitration of his claim. (Defs.' Rule 21 Mem. 3, ECF No. 15.) The arbitration panel determined Mr. Rouse was entitled to the full amount he sought, and State Farm paid this sum. (Id.)

Two days after the arbitration proceeding, Mr. Rouse brought this action in Forsyth County Superior Court against State Farm and Ms. Williams, claiming breach of contract, unfair and deceptive trade practices, and bad faith refusal to pay an insurance claim. Defendants removed the case to federal court on the basis of diversity jurisdiction. (Notice of Removal 1, ECF No. 1.) Although Ms. Williams and Mr. Rouse are both citizens of North Carolina (Compl. ¶¶ 1, 3, ECF No. 4) and therefore not diverse from each other, Defendants request that this Court disregard Ms. Williams' citizenship, alleging she was

2

fraudulently joined in this action (Notice of Removal ¶ 7, ECF No. 1). Defendants then each filed a motion to dismiss under Rule 12(b)(6) and jointly filed a motion to drop[1] Ms. Williams as a party to ensure complete diversity of citizenship pursuant to Rule 21 of the Federal Rules of Civil Procedure. Mr. Rouse filed a motion to remand the case to state court, which includes a request for attorneys' fees and costs.

## II. DISCUSSION

The threshold issue in this case is whether the Court has subject matter jurisdiction. As courts of limited jurisdiction, federal courts "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Accordingly, a party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter." Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008). In cases removed from state court to federal court, the party seeking removal bears the burden of demonstrating jurisdiction. Id. A lack of subject matter jurisdiction obligates the court to remand the case. 28 U.S.C. § 1447(c) (2012); see Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008).

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2012). Original jurisdiction includes jurisdiction based on diversity. Exxon Mobil Corp. v.

---

[1] The title of Defendants' motion is "Defendants' Rule 21 Motion to Dismiss Williams as a Nominal Party." (ECF No. 14.) The Court refers to the Rule 21 motion as a motion to "drop" Ms. Williams as a party. See Fed. R. Civ. P. 21 (permitting the court to "drop" a party).

3

Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Diversity jurisdiction arises in cases where the amount in controversy exceeds $75,000 and the parties are completely diverse, 28 U.S.C. § 1332(a), meaning no plaintiff is a citizen of the same state as any defendant, Johnson v. Am. Towers, LLC, 781 F.3d 693, 704 (4th Cir. 2015). Here, it is undisputed that the parties are not completely diverse, as Mr. Rouse and Ms. Williams are both citizens of North Carolina. Defendants therefore bear the burden of demonstrating that the Court has subject matter jurisdiction despite the lack of complete diversity. Defendants advance two arguments: (1) that Ms. Williams was fraudulently joined and the Court should disregard her citizenship and (2) that even if Ms. Williams was not fraudulently joined, the Court should exercise its discretion under Rule 21 to drop Ms. Williams as a party, thereby creating complete diversity. Both arguments fail.

### A. Fraudulent Joinder

The judicially-created doctrine of fraudulent joinder creates an exception to the complete diversity requirement, allowing defendants to remove cases lacking complete diversity if the non-diverse defendants were fraudulently joined. See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)). "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id.

To demonstrate fraudulent joinder, the removing party must show either that there is "'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in

4

state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Defendants do not allege outright fraud. Therefore, they must show "there is *no possibility*" that Mr. Rouse can succeed against Ms. Williams in state court.[2] See id. In demonstrating fraudulent joinder, the burden is on the defendant to negate any possibility of the plaintiff succeeding in state court—not on the plaintiff to demonstrate he may succeed. See Hartley, 187 F.3d at 425. This is a "heavy burden," as the defendant "must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Id. at 424. This standard heavily favors the plaintiff, id., as there is no fraudulent joinder if the plaintiff has a "glimmer of hope" or a "slight possibility of a right to relief," id. at 426. The plaintiff need not ultimately succeed to defeat removal. Johnson, 781 F.3d at 704. Further, if the court has any doubts about the propriety of removal, it should resolve its doubts in favor of remanding the case to state court. Hartley, 187 F.3d at 425. When determining whether joinder is fraudulent, courts may look beyond the pleadings and consider the entire record.

---

[2] Defendants advocate for a fraudulent joinder standard other than the one articulated by the Fourth Circuit. They argue that the relevant question is not whether there is "no possibility" of Mr. Rouse succeeding against Ms. Williams in state court but rather whether there is "no reasonable basis" for predicting liability. (See Defs.' Remand Opp'n 8–9, ECF No. 22 (citing district court cases applying the "no reasonable basis" standard).) Consistent with this view of the law, Defendants argue that "there is no arguably reasonable basis for predicting" Ms. Williams will be liable. (Id. at 9). Because Defendants have cited no Fourth Circuit cases applying the "no reasonable basis" standard—and the Court has found none—the Court proceeds with the "no possibility" standard followed by the Fourth Circuit. See Johnson, 781 F.3d at 704 (characterizing the "no possibility" standard as a "rigorous standard"); Mayes, 198 F.3d at 464; Hartley, 187 F.3d at 424.

5

Mayes, 198 F.3d at 464.  The court should not, however, "delv[e] too far into the merits" of the case to determine jurisdiction.  See Hartley, 187 F.3d at 425.

Defendants have not shown "there is *no possibility*" that Mr. Rouse can state a claim against Ms. Williams in state court.  Mr. Rouse asserts one claim against Ms. Williams:  that she violated North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA") while handling Mr. Rouse's insurance claim.  (Pl.'s Remand Mem. 5, 9 n.1, ECF No. 18.)  To establish a prima facie claim under the UDTPA, Mr. Rouse must show that "(1) [Ms. Williams] committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to [Mr. Rouse]."  See Dalton v. Camp, 548 S.E.2d 704, 711 (N.C. 2001).  Therefore, to establish fraudulent joinder, Defendants must show that Mr. Rouse's UDTPA claim against Ms. Williams fails with respect to at least one of these elements.

Defendants challenge only the second element of the UDTPA claim—whether Ms. Williams' actions were "in or affecting commerce"—by attempting to show that the actions of an insurance adjuster, as an employee of the insurance company, are not in or affecting commerce.  (See Williams Rule 12(b)(6) Mem. 8, ECF No. 11.)  The UDTPA regulates two types of business interactions in or affecting commerce:  "(1) interactions between businesses, and (2) interactions between businesses and consumers."  (Id. at 7 (quoting White v. Thompson, 691 S.E.2d 676, 679 (N.C. 2010)).[3])  Defendants argue that Ms.

---

[3] In opposing Mr. Rouse's Motion to Remand, Defendants incorporate by reference arguments from the brief supporting Ms. Williams' Rule 12(b)(6) Motion to Dismiss.  (Defs.' Remand Opp'n 7–8, ECF No. 22.)

Williams does not fit into this scheme of liability because an insurance adjuster is neither a "business" nor a "consumer." See id. at 8. Defendants have not cited any cases to support this argument, and the Court finds none. Moreover, such an argument would be inconsistent with Defendants' assertion that "[i]nsurance companies like State Farm can only act through their adjusters." (Defs.' Rule 21 Mem. 8, ECF No. 15.) Defendants have therefore failed to show that Mr. Rouse has no possibility of establishing that Ms. Williams' actions were in or affecting commerce.

Defendants next argue that subjecting Ms. Williams, as an insurance adjuster, to liability under the UDTPA would impose on her a duty of care to the insured individual that would conflict with her duty to State Farm. (Williams Rule 12(b)(6) Mem. 10, ECF No. 11.) Defendants contend, therefore, that Ms. Williams cannot be subject to the UDTPA. (Id. at 12.) Neither case cited by Defendants supports this contention.[4] The first case, Wilson v. Wilson, 468 S.E.2d 495 (N.C. Ct. App. 1996), discusses the duty of an insurance company to its insured, rather than the duty of an insurance adjuster to the insured. See id. at 498. In fact, the case makes no mention of insurance adjusters or their duties. The second case that Defendants cite, Koch v. Bell, Lewis, & Associates, Inc., 627 S.E.2d 636 (N.C. Ct. App. 2006), holds that an independent insurance adjuster, rather than an adjuster employed by the insurance company, owes no duty to an uninsured claimant. See id. at 639. Moreover, the

---

[4] Defendants cite a third case to support their argument that an insurance adjuster owes no duty to an insured individual. Contrary to their argument, however, Cash v. State Farm Mutal Automobile Insurance Co., 528 S.E.2d 372 (N.C. Ct. App. 2000), does not hold that an insurance adjuster owes no duty to an insured individual. Rather, the court merely points out that it had not held that an insurance adjuster owes such a duty. Id. at 381.

plaintiffs in each of the cited cases were third parties bringing actions against the insurance company of another. See id. at 638; Wilson, 468 S.E.2d at 496–97. Because the plaintiffs were not themselves insured with the defendant insurance companies, neither had a cause of action under the UDTPA. Koch, 627 S.E.2d at 639; Wilson, 468 S.E.2d at 497. Unlike the plaintiffs in the cases cited, Mr. Rouse is an insured individual bringing an action against his own insurance company and claims adjuster and has a private cause of action under the UDTPA. See Wilson, 468 S.E.2d at 498 n.2 (recognizing that the UDTPA "provides a private right of action by an insured against his insurer").

Defendants have failed to demonstrate that Mr. Rouse has no possibility of establishing a UDTPA claim against Ms. Williams in state court and have therefore failed to carry the heavy burden of proving fraudulent joinder. Accordingly, the Court lacks subject matter jurisdiction over the case and grants Plaintiff's Motion to Remand.[5]

---

[5] In his motion to remand, Mr. Rouse advances an additional argument for remand: that remand is required because Defendants' Notice of Removal did not contain a "short and plain statement of the grounds for removal," as required by 28 U.S.C. § 1446(a). (Pl.'s Remand Mem. 6, ECF No. 18.) Mr. Rouse contends that a notice of removal must contain more than a conclusory statement that the plaintiff cannot establish a claim against the non-diverse party in state court. (Id.) The Supreme Court and Fourth Circuit have expressly rejected the argument that a defendant's notice of removal is subject to higher pleading standards than the plaintiff's initial complaint. See Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 551 (2014) ("A statement 'short and plain' need not contain evidentiary submissions."); Ellenburg, 519 F.3d at 200 (noting that a notice of removal sufficiently establishes jurisdictional grounds by alleging diversity of citizenship and a sufficient amount in controversy). Because Defendants' Notice of Removal alleges that the parties are diverse based on fraudulent joinder and that the amount in controversy exceeds $75,000, the notice is sufficient. (See Notice of Removal ¶¶ 7–8, ECF No. 4.)

8

### B. Rule 21

Defendants next argue that even if Ms. Williams was not fraudulently joined, the Court should exercise its discretion under Rule 21 and drop her as a party. Rule 21 provides, in pertinent part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Defendants seek "to have Williams dropped as a nominal party pursuant to Federal Rule of Civil Procedure 21." (Defs.' Rule 21 Mem. 2, ECF No. 15.) The proper inquiry for dropping a party under Rule 21, however, is not whether the party is nominal but whether the party is dispensable. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989) (stating that "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time"); Trans Energy, Inc. v. EQT Prod. Co., 743 F.3d 895, 901–02 (4th Cir. 2014) (evaluating whether a non-diverse party is dispensable and can be dropped under Rule 21). Defendants' argument therefore conflates two issues: (1) whether Ms. Williams should be dropped under Rule 21 and (2) whether Ms. Williams is a nominal party. Mr. Rouse contends that the nominal party issue is untimely and improperly raised, arguing that it should have appeared in Defendants' notice of removal rather than their Rule 21 motion. (Pl.'s Rule 21 Opp'n 5–7, ECF No. 21.) The Court need not reach Mr. Rouse's argument since Defendants' Rule 21 motion fails to raise an independent nominal party issue for the Court to decide. It merely substitutes "nominal party" for "dispensable party" as the standard for dropping a party under Rule 21. Defendants' use of the phrase "nominal party" is an "unfortunate confusing result" of their briefing in this case, as argued by Mr. Rouse, and is not an independent ground for establishing complete diversity.

Turning to Defendants' Rule 21 argument, the Court is unconvinced that application of Rule 21 is proper in this case, where the lack of complete diversity is apparent at the time of removal. While Rule 21 grants federal courts the discretion to drop dispensable non-diverse parties, Newman-Green, 490 U.S. at 832, the Supreme Court and Fourth Circuit have not considered whether Rule 21 is an appropriate tool to remedy a lack of complete diversity at the time of removal. Rather, these courts have applied Rule 21 or approved the use of Rule 21 in cases where the suit began in federal court and the lack of complete diversity did not become apparent until appeal—after the parties had engaged in significant litigation and the court had issued a final judgment. See id. at 828, 836 (recognizing that "dismissal after years of litigation would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention"); Trans Energy, 743 F.3d at 899, 901–02.

In the removal context, "[f]ederal courts have frowned on using the Rule 21 . . . vehicle to conjure removal jurisdiction that would otherwise be absent." Brown v. Endo Pharm. Inc., 38 F. Supp. 3d 1312, 1326–27 (S.D. Ala. 2014) (declining to "retroactively manufacture federal subject matter jurisdiction"). "Judicial reluctance to employ Rule 21 in the removal context stems from the concern that application of Rule 21 would circumvent the strict constraints of the removal statute and unduly expand diversity jurisdiction." Sons of the Revolution in N.Y., Inc. v. Travelers Indem. Co. of Am., No. 14 Civ. 03303(LGS), 2014 WL 7004033, at *2 (S.D.N.Y. Dec. 11, 2014). While defendants bear a heavy burden in proving fraudulent joinder, they could succeed on a Rule 21 motion on a far lesser standard simply by appealing to the court's discretion. Moreover, if defendants could use Rule 21 to

10

create jurisdiction, "many defendants would likely attempt to seek this post-removal action by the courts in order to avoid meeting the burdens associated with fraudulent joinder." Phillips v. R.R. Dawson Bridge Co., No. 2:14-cv-00480-LSC, 2014 WL 3970176, at *5 (N.D. Ala. Aug. 12, 2014). "Such a broad right would be inconsistent with the strict construction of the removal statute and the presumption in favor of remand." Id.

Even if the Court can properly drop Ms. Williams after Defendants have failed to establish fraudulent joinder, Defendants have not provided a convincing reason for the Court to exercise its discretion to do so. To begin, dropping Ms. Williams as a party would prejudice Mr. Rouse, who would be required to litigate in federal court against State Farm and in state court against Ms. Williams. Two separate actions in two different courts would increase the cost of litigation and expose Mr. Rouse to the risk of inconsistent jury verdicts. See Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 435–36 (4th Cir. 2014) (stating that a plaintiff has "a powerful interest in having all of the defendants together and adjudicating all of her claims before one tribunal" and would face a substantial "prospect of prejudice from parallel proceedings"). Further, Defendants insist that the Court should protect their "statutory right to a federal forum." (See Defs.' Rule 21 Mem. 7, ECF No. 15.) However, the exercise of discretion under Rule 21 does not involve a balancing test between the plaintiff's right to forum choice and the defendant's right to removal. Due to "the significant federalism concerns implicated" by removal, courts "are obliged to construe removal jurisdiction strictly," and "if federal jurisdiction is doubtful, a remand to state court is necessary." Palisades Collections LLC v. Shorts, 552 F.3d 327, 333–34 (4th Cir. 2008). Moreover, Defendants can remove a case to federal court only when the federal court has

11

subject matter jurisdiction over the case.  See 28 U.S.C. § 1441(a).  Here, Defendants' right to a federal forum ended with their failure to establish fraudulent joinder, which solidifies the lack of complete diversity in this case and deprives the court of subject matter jurisdiction.  Even in Linnin v. Michielsens, 372 F. Supp. 2d 811 (E.D. Va. 2005), which Defendants cite for its vigorous protection of the defendant's "statutory right to a federal forum," the district court limits the right to "certain situations," id. at 817, and drops the non-diverse party only after a finding of fraudulent joinder, id. at 825.  In that case, jurisdiction existed because the defendant established complete diversity through the fraudulent joinder doctrine.  The court's application of Rule 21 was an additional reason for dropping the fraudulently joined party, not the sole reason for the court's jurisdiction.  See id. at 826.  Here, Defendants request that the Court manufacture jurisdiction by "creat[ing] complete diversity where it is found to be lacking."  (Defs.' Rule 21 Reply 1, ECF No. 25.)  Under the facts of this case, to do so would have the impact of undermining the removal statute.  Accordingly, the Court declines to exercise its discretion to drop Ms. Williams and denies Defendants' Rule 21 motion.

### C. Attorneys' Fees and Costs

In his motion to remand, Mr. Rouse seeks attorneys' fees and costs incurred as a result of Defendant's removal.  (Pl.'s Remand Mem. 12, ECF No. 18.)  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Mr. Rouse argues that Defendants lacked a reasonable basis for

12

removing the case because a district court has previously rejected their fraudulent joinder argument and Defendants were aware of this case. (Pl.'s Remand Mem. 13–14, ECF No. 18 (citing New Jerusalem Rebirth & Restoration Ministries, Inc. v. Meyer, No. 1:11cv312, 2012 WL 2704251, at *5 (W.D.N.C. July 6, 2012)).) A district court's decision is not binding on another district court, and the fact that one court has rejected an argument does not make the argument objectively unreasonable. Mr. Rouse also argues that failure to award attorneys' fees and costs would signal to insurance companies that they can subject plaintiffs to substantial costs and delay by engaging in the practice of removing cases they know will be remanded. (Id. at 14.) While undesirable, this outcome would not render Defendants' basis for removal objectively unreasonable. Accordingly, the Court denies Mr. Rouse's request for attorneys' fees and costs.

### D. Motions to Dismiss

In light of the Court's decision to grant Mr. Rouse's Motion to Remand, the Court lacks subject matter jurisdiction to decide Defendants' motions to dismiss. The Court thus denies as moot both Defendant Janet Williams' Rule 12(b)(6) Motion to Dismiss and Defendant State Farm's Rule 12(b)(6) Motion to Dismiss.

For the reasons outlined herein, the Court enters the following:

### ORDER

IT IS THEREFORE ORDERED that Defendants' [Joint] Rule 21 Motion to Dismiss Williams as a Nominal Party (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand and for Costs and Attorneys' Fees (ECF No. 17) is GRANTED IN PART to the extent that the matter is hereby REMANDED to the General Court of Justice, Superior Court Division, Forsyth County, North Carolina, and DENIED IN PART with respect to Plaintiff's request for attorneys' fees and costs.

IT IS FURTHER ORDERED that Defendant Janet Williams' Rule 12(b)(6) Motion to Dismiss (ECF No. 10) and Defendant State Farm's Rule 12(b)(6) Motion to Dismiss (ECF No. 12) are DENIED AS MOOT in light of the remand.

The Clerk of Court is DIRECTED to send a certified copy of this Order to the Forsyth County, North Carolina, Clerk of Superior Court and to effect the remand.

This, the 22nd day of June, 2015.

/s/ Loretta C. Biggs
United States District Judge